UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**CASE NO. 1:19-cv-22831**

WESTCHESTER GENERAL HOSPITAL, INC.,

    Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, EVANSTON INSURANCE COMPANY ("EVANSTON"), pursuant to 28 U.S.C. §1446, hereby removes the action pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Case No.: 19-016152-CA-32, which is within the Division of the Southern District of Florida. Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441(b), and 1446. As grounds for removal, EVANSTON respectfully submits the following:

**(I) Procedural Background and Compliance with 28 U.S.C. § 1446**

WESTCHESTER filed Case No.: 19-016152-CA-32 in Florida state court on May 29, 2019. Defendant EVANSTON waived service of process on June 21, 2019, and the Defendant's deadline to remove this pursuant to 28 U.S.C. § 1446(b) is July 22, 2019. Thus, this Notice is timely.

Contemporaneous with the filing of this Notice of Removal, EVANSTON has served the Notice of Removal upon the Plaintiff, WESTCHESTER GENERAL HOSPITAL, INC. In addition, EVANSTON has timely filed the Notice of Removal with the clerk of the state court, thus meeting the requirements of 28 U.S.C. § 1446(d). Further, by filing the present Notice of Removal, together with the requisite process, pleadings and orders served, EVANSTON has met the requirements of 28 U.S.C. § 1446(a), and as set forth below, EVANSTON has fulfilled the requirements for removal under 28 U.S.C. § 1446(c).

**(II) Memorandum in Support – Grounds for Removal**

Removal is authorized under 28 U.S.C. § 1446(c) and 28 U.S.C. § 1332 because the requirements for amount in controversy and diversity of citizenship are met. The district court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. §1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."). Accordingly, Defendant EVANSTON may properly remove the state court case to the federal district court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

**(A) 28 U.S.C. § 1332(a) – Amount in Controversy exceeds $75,000**

In Case No.: 19-016152-CA-32, WESTCHESTER seeks declaratory relief against EVANSTON. In cases where declaratory relief is sought or the amount of damages are

not specifically alleged, the Court is not limited to a plaintiff's assertion of the minimum amount of damages which it seeks. 28 U.S.C. § 1446(c) provides that:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks –
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount of demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (a) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c).

### (1) Removal is proper under 28 U.S.C. § 1446(c)(2)(A)

In Case No.: 19-016152-CA-32, WESTCHESTER seeks nonmonetary relief, i.e., declaratory judgment against EVANSTON. Further, Florida state practice permits recovery of damages in excess of the amount demanded and WESTCHESTER alleges damages generally in excess of the state jurisdictional requirement of $15,000. *See* Exhibit A, at ¶2. Thus, the case is removable under 28 U.S.C. § 1446(c)(2)(A).

### (2) Removal is proper under 28 U.S.C. § 1446(c)(2)(B)

28 U.S.C. § 1446(c)(2)(B) requires a finding that the amount in controversy "exceeds the amount specified in section 1332(a)," i.e., $75,000. EVANSTON asserts the that the preponderance of the evidence clearly shows that the amount in controversy

exceeds $75,000. "For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir.2000); *see also E.S.Y., Inc. v. Scottsdale Ins. Co.,* 217 F. Supp. 3d 1356 (S.D. Fla. 2015). "Stated differently, the value of equitable relief is 'the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted.'" *E.S.Y.*, 217 F. Supp. 3d at 1361 (citing *Morrison*, 228 F.3d 1255, 1268) (internal citations omitted)).

In Case No.: 19-016152-CA-32, WESTCHESTER seeks a declaration that it is entitled to coverage under Policy No. SM925939 and Policy No. UM800928, issued by EVANSTON, for the claims alleged against WESTCHESTER in the state court action filed in the 11th Judicial Circuit Court, in and for Miami-Dade County, Florida, Case No. 19-001417-CA-06 (hereafter, the "Underlying Litigation").

In Count I of the Complaint filed in Case No.: 19-016152-CA-32, WESTCHESTER alleges that it is entitled to coverage under Part B of Policy No. SM925939, which "provides General Liability Insurance on a claims-made basis with limits of $1 million per occurrence and $3 million aggregate." *See* Exhibit A, at ¶16. WESTCHESTER seeks "a declaration that: a. Evanston has a duty to defend Westchester in the Underlying Litigation under [Part B of Policy No. SM925939]; and b. that Evanston's duty to indemnify Westchester under [Part B of Policy No. SM925939] cannot be determined until there is a judgment or approved settlement in the Underlying Litigation." *See* Exhibit A, at ¶26.

In Count II, WESTCHESTER seeks a "declaration that Evanston's duty to indemnify Westchester under [Policy No. UM800928] cannot be determined until there is a judgment or approved settlement in the Underlying Litigation." *See* Exhibit A, at ¶30.  Policy No. UM800928 has a $ million limit of insurance. *See* Exhibit A, at ¶19.

In Count III, WESTCHESTER alleges that it is entitled to coverage under Part A of Policy No. SM925939, which "provides Professional Liability Insurance on a claims-made basis with limits of $1 million per occurrence and $3 million aggregate." *See* Exhibit A, at ¶14.  WESTCHESTER seeks "a declaration that: a. Evanston has a duty to defend Westchester in the Underlying Litigation under [Part A of Policy No. SM925939]; and b. that Evanston's duty to indemnify Westchester under [Part A of Policy No. SM925939] cannot be determined until there is a judgment or approved settlement in the Underlying Litigation." *See* Exhibit A, at ¶34.

Thus, it is apparent from the face of WESTCHESTER's Complaint filed in Case No.: 19-016152-CA-32 that "the value of the object of the litigation" measured from WESTCHESTER's perspective exceeds $75,000.  WESTCHESTER seeks a declaration that it is potentially entitled to as much as $11 million in coverage under Policy No. SM925939 and Policy No. UM800928.  Therefore, the "monetary value of the benefit that would flow to [WESTCHESTER]" if declaratory relief were granted clearly exceeds $75,000.

**(B)  28 U.S.C. § 1332(a)(1) – Diversity of citizenship is present**

28 U.S.C. § 1332(a)(1) requires that the matter in controversy is between citizens of different states.  For purposes of determining whether diversity of citizenship exists, a

corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).

In its Complaint filed in Case No.: 19-016152-CA-32, WESTCHESTER admits that it is "a Florida for-profit corporation with its principal place of business in Miami, Florida." *See* Exhibit A, at ¶4.  Accordingly, for jurisdictional purposes, WESTCHESTER is a citizen of the State of Florida.

EVANSTON is an Illinois corporation, domiciled in the State of Illinois, with its headquarters and principal place of business located in Deerfield, Illinois.  Accordingly, for jurisdictional purposes, EVANSTON is a citizen of the State of Illinois.

Thus, as WESTCHESTER is a citizen of the State of Florida, and EVANSTON is a citizen of the State of Illinois, the parties are diverse under 28 U.S.C. § 1332.

**(III)  Conclusion**

Removal is proper under 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000 and the parties are diverse.  EVANSTON has complied with the procedures for removal set forth in 28 U.S.C. § 1441 and § 1446.  Jurisdiction lies in the Miami Division of the United States District Court, Southern District of Florida, as the case being removed is pending in the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, EVANSTON INSURANCE COMPANY, hereby removes this case to the United States District Court for the Southern District of Florida, Miami Division.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to **Stephen A. Marino, Jr., Esq. -** smarino@vpm-legal.com; smcgee@vpm-legal.com / **S. Alice Weeks, Esq. -** sweeks@vpm-legal.com, VER PLOEG & MARINO, P.A., *Attorneys for Plaintiff*, 100 SE Second Street, 30th Floor, Miami, Florida 33131, by U.S. Mail, e-mail and/or e-Portal, on **July 10, 2019**.

By: *s/ Devang Desai*
DEVANG DESAI, ESQ. - FBN: 664421
ddesai@gaebemullen.com
gbarker@gaebemullen.com (secondary)
EMILY C. SMITH, ESQ. - FBN: 98783
esmith@gaebemullen.com
kvelazquez@gaebemullen.com (secondary)
GAEBE, MULLEN, ANTONELLI & DIMATTEO
420 South Dixie Highway, 3rd Floor
Coral Gables, Florida 33146
T. (305) 667-0223 / F. (305) 284-9844
*ATTORNEYS FOR DEFENDANT*