UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-22831-KMW/EGT

WESTCHESTER GENERAL HOSPITAL, INC.,

    *Plaintiff,*

v.

EVANSTON INSURANCE COMPANY,

    *Defendant.*
_____/

JANE DOE and JOHN DOE, her husband,

    *Plaintiffs/Intervenors,*

v.

EVANSTON INSURANCE COMPANY,

    *Defendant.*
_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, Westchester General Hospital, Inc., pursuant to Fed. R. Civ. P. 54, S.D. Fla. L.R. 7.3, and Fla. Stat. §626.9373, moves this Court for entry of an Order awarding reasonable attorney's fees and costs against Defendant, Evanston Insurance Company.

**PROCEDURAL HISTORY**

On May 29, 2019, Westchester filed its Complaint [D.E. 1-1] in the Circuit Court for Miami-Dade County, Florida, which was removed by Evanston to this District on July 10, 2019. D.E. 1. On August 20, 2020, Jane and John Doe filed a Complaint in Intervention [D.E. 19]. On May 4, 2020, Magistrate Judge Torres entered an Omnibus Report and Recommendation on

Case No.: 1:19-cv-22831-KMW/EGT

Pending Motions for Summary Judgment [D.E. 69]. On July 13, 2020, this Court affirmed and adopted Magistrate Judge Torres' Report and Recommendations [D.E. 85] which granted Westchester's Motion for Summary Judgment [D.E. 63] as to the GL Coverage Policy and the Umbrella Policy. On September 18, 2020, the parties filed their Agreed Motion for Entry of Partial Final Judgment [D.E. 86]. On December 3, 2020, this Court entered an Order [D.E. 90] which entered Final Judgment against Evanston, as to the GL Coverage Policy and Umbrella Policy. Westchester now seeks a determination of the attorney's fees and costs that it is entitled to recover against Evanston.

## PLAINTIFF'S ENTITLEMENT TO FEES

Florida law provides that where an insured prevails against his or her insurer, "the trial court… shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." Fla. Stat. §627.428.[1] The purpose "is to discourage insurance companies from contesting valid claims, and to reimburse insureds for their attorneys' fees incurred when they must enforce in court their contract with the insurance company." *Pepper's Steel & Alloys, Inc. v. U.S.*, 850 So. 2d 462, 465 (Fla. 2003). The law functions to "penalize a carrier for wrongly causing its insured to resort to litigation to resolve a conflict". *Leaf v. State Farm Mut. Auto Ins. Co.*, 544 So. 2d 1049, 1050 (Fla. 4th DCA 1989). As the prevailing party who obtained a judgment against its insurer, Westchester's fees are recoverable at this time.

---

[1] The Policies were issued pursuant to the Florida Surplus Lines Law. Surplus lines insurers are subject to §626.9373, which "is nearly identical to the attorney's fees provision found in §627.428." *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-CV-22774, 2016 WL 5795122, at *2 (S.D. Fla. Sept. 12, 2016), *report and recommendation adopted*, No. 14-CV-22774, 2016 WL 5661633 (S.D. Fla. Sept. 30, 2016); Fla. Stat. §626.9373 (nearly verbatim language as §627.428, with the only difference being applicability to "surplus lines insurer").

Case No.: 1:19-cv-22831-KMW/EGT

## CALCULATION OF ATTORNEY'S FEES

In determining the amount of attorney's fees to be awarded, this Court must apply the substantive law of Florida construing Florida Statute §627.428 and fee awards in contingent cases generally. *Zunde v. Int'l Paper Co.*, No. 3:98-CV-439-J-20B, 2000 WL 1763843, *1 (M.D. Fla. July 20, 2000); *FIGA v. R.V.M.P. Corp.*, 681 F. Supp. 806, 807 (S.D. Fla. 1988). Westchester prevailed against Evanston by obtaining judgment in its favor. Accordingly, Westchester is entitled to recover its reasonable attorney's fees.

### A. *Determination of the Lodestar*

Florida has adopted the federal lodestar approach as the starting point in calculating an award of attorney's fees. *Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 406-407 (Fla. 1999) (discussing *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985)). The criteria set forth in Rule 4-1.5(b) of the Rules Regulating the Florida Bar[2] should be utilized in determining reasonable attorney's fees. *Rowe*, 472 So. 2d at 1150. This Court should consider

---

[2] Rule 4-1.5(b) provides:
**(b) Factors to Be Considered in Determining Reasonable Fee**.
(1) Factors to be considered as guides in determining a reasonable fee include:
(A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(B) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
(C) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
(D) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
(E) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
(F) the nature and length of the professional relationship with the client;
(G) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
(H) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

3

the first factor – "time and labor required" and the "novelty, complexity, and difficulty of the questions involved" – in determining "the number of hours reasonably expended in the litigation." *Bell*, 734 So. 2d at 406-7. The court should then determine, by examining the factors laid out in Rule 4-1.5(b), a reasonable hourly rate for each attorney claiming a fee, then multiply the rate by the hours each attorney reasonably spent in the litigation, the final aggregate of which is the lodestar amount. *Rowe*, 472 So. 2d at 1151. The resulting fee carries a "strong presumption" that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### B. Reasonable Hourly Rates

The starting point in any determination of the value of an attorney's services is to multiply hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Norman*, at 1299, citing *Blum*, at 897. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Norman* at 1299; *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 143 F.R.D. 277, 282 (M.D. Fla. 1992).

To aid the Court in determining the hours reasonably expended in this litigation, Westchester provided redacted copies of the detailed time records of its counsel for this matter. *See* Westchester Fee Records.[3] The time records for Westchester's counsel describe the tasks undertaken by its counsel and are broken down by billing lawyer and hourly rates. *See R.V.M.P. Corp.* at 808 (holding that the Florida Supreme Court requires the moving party to submit

---

[3] A redacted version of Ver Ploeg & Marino, P.A.'s time records are attached as Exhibit A. The unredacted time records will be submitted to the Court upon its request.

accurate time records). A copy of the fee agreement between Westchester and Ver Ploeg & Marino, P.A. is attached as Exhibit B.

Ver Ploeg & Marino, P.A. ("VPM") is a Miami-based law firm that specializes almost exclusively in insurance disputes. Attorney Stephen A. Marino, Jr. is the managing partner at VPM. He has over twenty years of litigation experience, the vast majority of which has been devoted to insurance-related disputes. Mr. Marino has also been recognized every year since 2011 as a Florida "Super Lawyer." He is an ABOTA member and frequent lecturer on insurance coverage and bad faith issues. Since the initiation of this matter, Mr. Marino has been involved as the primary decision-maker and strategist. Mr. Marino has been involved in all aspects of this coverage case, including communications with Evanston's counsel and the drafting of substantive motions. Attorney Marino charged a discounted hourly rate of $500.00.[4]

Attorney S. Alice Weeks is an associate at VPM with approximately four years of litigation experience. Prior to joining VPM, Ms. Weeks worked in insurance coverage defense at a national law firm. Ms. Weeks has been employed with VPM since 2018 and has focused exclusively on insurance disputes, primarily in federal courts. Ms. Weeks handled the day-to-day matters in this case. She drafted motions and conducted legal research and communicated with the client and opposing counsel. Ms. Weeks charged an hourly rate of $300.00.

Senior Paralegal Linda M. Mulhall has thirty-one years of experience in the legal field. Ms. Mulhall was a law librarian for eleven years prior to becoming a Florida registered paralegal. She has been a paralegal for twenty years, and worked at Murai Wald Biondo &

---

[4] Partners Christine A. Gudaitis and Arya A. Li and associate Daniel L. Gross billed small amounts of time to this matter. Ms. Gudaitis is a partner with over 15 years of experience in insurance law and Ms. Li has 10 years of legal experience. Ms. Gudaitis billed at $540.00 an hour, Ms. Li at $425.00 an hour and Mr. Gross $260.00 an hour.

Moreno before joining Ver Ploeg & Marino, P.A. as a senior paralegal in 2005.[5] She was primarily responsible for document management relating to the discovery documents sought in this case. Paralegal Mulhall charges an hourly rate of $255 per hour.

The hourly rates charged by VPM are reasonable. A reasonable rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the prevailing market rate, the Court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Crespo Rivero v. Carolina Godoy*, 18-23087-CIV, 2019 WL 1178472, at *3 (S.D. Fla. Feb. 26, 2019) (citing *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). "The court ... is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees." *Id.; Parrot, Inc. v. Nicestuff Distrib, Int'l*, No. 06-61231-CIV, 2010 WL 680948, at *12 (S.D. Fla. Feb. 24, 2010) (finding reasonable hourly rates in the Miami market for 2009 – over ten years ago – as follows: $500 for a partner with twenty years of experience; $335 for a sixth-year associate, and $270 for a fourth-year associate); *see also Gallo v. Brock*, No. 05-2014-015794 (finding $800 is a reasonable hourly rate in Brevard County for a partner with thirty-eight years of experience), attached as Exhibit C; *Barnes v. Dolphin Homes, Inc.*, No. 06-14629 (finding $600 is a reasonable hourly rate in Hillsborough County for 2016 for a partner with

---

[5] Reasonable attorney's fees under Florida law also include compensation for paralegals and law clerks. *See Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 832 n.4 (Fla. 1990) (*citing Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463 (1989)).

twenty-one years of experience) (Exhibit D); *Kerry Roth v. GEICO Gen. Ins. Co.*, No. 0:16-cv-62942-WPD [D.E. 328] (S.D. Fla. Nov. 13, 2019) (awarding $750 for partner).

Fees are also reasonable if "they were fees that commercial parties would have incurred and paid knowing that they had to cover the outlay themselves." *Venture Investment Properties, LLC v. Scottsdale Ins. Co.*, 2017 WL 3822101, at *12 (M.D. Fla. August 8, 2018), *report and recommendation adopted*, 2017 WL 3732006 (M.D. Fla. Aug. 30, 2017) (reviewing appraiser expenses under a reasonableness standard). "Payment of expenses is prima facie evidence that they are reasonable, causing the burden to shift to the other side to demonstrate they are unreasonable." *Id.* (awarding partner rate of $500 per hour for insurance action). Westchester incurred and paid the requested attorneys' fees knowing that it may have to cover the expenses itself. The burden is on the Insurers to show that the fees sought are unreasonable.

In the last year, Mr. Marino was awarded $600 an hour for his time on an insurance matter. *See Cornfeld v. Certain Underwriters at Lloyd's, et al*, No. 19-60626-CIV [D.E. 50] (S.D. Fla. February 7, 2020), *report and recommendation adopted* [D.E. 54] (finding Mr. Marino's partner rate of $600 to be reasonable) (Comp. Exhibit E). In doing so, the Court explained that "[c]onsidering Mr. Marino's expertise in the field of insurance litigation and his role in this case, the undersigned finds that the claimed rate of $600.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation, and this rate should be awarded."

Mr. Marino was also awarded $425 an hour for his time in another insurance case. *See Rynd v. Nationwide Mut. Ins. Co.*, No. 8:09-cv-01556-JDW-TGW, (M.D. Fla. Jan 25, 2012) Report and Recommendations [D.E. 247] (Exhibit F). One reason for the downward departure from Mr. Marino's rate was that it was found to be high for the Tampa area. But the Magistrate

7

Judge found that "Marino displayed before me a thorough knowledge of the subject matter, and he was skillful in his presentation. Unquestionably he impressed me as a superior insurance litigator … Furthermore, the favorable result in this case is properly attributable to Marino's superior performance." *Id.* at pp. 39-40. The Magistrate Judge awarded an additional $25 per hour above what he deemed to be the standard Tampa hourly rates, "based on the excellent result he achieved with a relatively low expenditure of time." *Id.* Mr. Marino's $500 hourly rate is standard for the Miami area.

The hours claimed, together with current rates, are as follows:[6]

|  | Hours | Rate | Amount |
|---|---|---|---|
| **Attorneys:** |  |  |  |
| Stephen A. Marino, Jr. | 34.80 | 500.00 | $17,400.00 |
| Christine A. Gudaitis | 1.80 | 545.00 | $972.00 |
| Arya A. Li | 5.60 | 425.00 | $2,380.00 |
| S. Alice Weeks | 60.90 | 300.00 | $18,270.00 |
| Daniel L. Gross | 1.50 | 260.00 | $390.00 |
|  |  |  |  |
| **Total for Attorneys:** |  |  | $39,412.00 |
|  |  |  |  |
| **Paralegals:** |  |  |  |
| Linda M. Mulhall | 5.30 | 255.00 | $1,351.50 |
| Monica C. Garcia | .40 | 230.00 | $92.00 |
|  |  |  |  |
| **Total for Paralegals:** |  |  | $1,443.50 |
|  |  |  |  |
| **TOTAL FEES** |  |  | **$40,855.50** |

C. *The Hours Reasonably Expended*

The next step in the computation of the lodestar is ascertaining reasonable hours. *Norman*, 836 F.2d at 1301 (*citing Hensley*). Excessive, redundant or otherwise unnecessary

---

[6] VPM's hourly rates are reasonable given its specialized area of practice, its reputation in the legal community, the experience of its attorneys and the prevailing market rate in Miami. *See, e.g., BMC Bus. Overseas Corp. v. Incasa LLC*, 17-24046-CIV, 2019 WL 1897804, at *3 (S.D. Fla. Feb. 15, 2019) (rate of $435 for partner with 15 years of experience was reasonable).

hours should be excluded from the amount claimed. *Id.* The verifications in support of this Motion attest that the raw time records were reviewed and improper time was removed, including time expended by individuals only tangentially involved with the litigation. In making these deletions, Westchester erred on the side of caution, even though it may well have successfully argued that some or all of this time should have been retained under the analysis set forth in *R.V.M.P. Corp.*, 681 F.Supp. at 809. (Court awarded fees relating to time expended in connection with voluntarily dismissed counterclaims, as the investigation of these claims enabled the defendant to discover "evidence that would help him in the breach of contract claim"). Westchester submits that the hours expended in this litigation and the fees charged by his counsel are reasonable given the nature of the case and the level of skill and experience of his counsel.

The total number of hours expended in this case is 110.30 and the total fees incurred equals $40,855.50. Accordingly, the time records accurately reflect the time that was reasonably expended in order to adequately represent Westchester's interests in this matter. Westchester therefore requests that this Court determine the lodestar amount to be $48,855.50.

### D. *The Results Achieved*

Westchester prevailed against Evanston in a complex insurance case less than a year after this case was removed to Federal Court. The amount of time spent litigating this matter was not excessive and was efficiently performed. This Court should award Westchester $48,855.50 in attorney's fees it incurred as a result of Evanston's refusal to provide coverage under the GL Coverage Policy and Umbrella Policy.

Case No.: 1:19-cv-22831-KMW/EGT

## WESTCHESTER SHOULD BE AWARDED TAXABLE COSTS

Undersigned counsel verifies that the charges itemized in Westchester's Bill of Costs, [D.E. 93-1], were necessarily incurred by Westchester in the prosecution of this claim. The costs outlined in Westchester's Motion to Tax Costs [D.E. 93] are taxable in accordance with 28 U.S.C §§ 1920 and 1924. Accordingly, the Court should enter an Order awarding said costs, in the amount of $1,100.44.

## CONCLUSION

Westchester respectfully requests that this Court enter an Order determining that it is entitled to a lodestar amount of $48,855.50, to bear interest at the federal rate from the date of rendition of the order or supplemental judgment, and any further relief that this Court deems equitable and proper.

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Stephen A. Marino, Jr. who, being duly sworn, deposes and states that he has read the foregoing Motion and the factual representations contained therein are true and correct.

_____
Stephen A. Marino, Jr.

WITNESS MY HAND AND SEAL in this County and State last before said this 1st day of February 2021.

_____
NOTARY PUBLIC (Signature)

Stacey McGee
Print, Type or Stamp Commissioned Name of Notary Public

STACEY JOAN MCGEE
MY COMMISSION # GG 303350
EXPIRES: April 4, 2023
Bonded Thru Notary Public Underwriters

Personally known ✓ or Produced Identification ___

10

Case No.: 1:19-cv-22831-KMW/EGT

## **CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that they have conferred with counsel for Evanston, Kimberly Heifferman, by email and telephone on January 20, 2021, and Evanston agrees to the relief sought herein if Westchester is the prevailing party on the pending appeal of this Court's Order granting Westchester's Motion for Summary Judgment as to the GL policy and the Umbrella policy and denying Evanston's Motion for Summary Judgment as to the GL policy and the Umbrella policy [D.E. 91].

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
smarino@vpm-legal.com
smcgee@vpm-legal.com
**S. Alice Weeks, Esq.**
Florida Bar No. 1002667
sweeks@vpm-legal.com
*Counsel for Westchester General Hospital, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on February 1, 2021, on all counsel or parties of record on the Service List below.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**

**SERVICE LIST**

| | |
|---|---|
| Devang Desai, Esq. | James M. Kaplan, Esq. |
| Emily C. Smith, Esq. | Kimberly S. Heifferman, Esq. |
| Gaebe, Mullen, Antonelli & DiMatteo | Kaplan Zeena LLP |
| 420 South Dixie Highway, 3rd Floor | 2 South Biscayne Blvd., Suite 3050 |
| Coral Gables, FL 33146 | Miami, FL 33131 |
| 305-667-0223 | 305-530-0800 |
| 305-284-9844 *facsimile* | 305-530-0801 *facsimile* |
| ddesai@gaebemullen.com | james.kaplan@kaplanzeena.com |
| esmith@gaebemullen.com | kimberly.heifferman@kaplanzeena.com |
| gbarker@gaebemullen.com | elizabeth.salom@kaplanzeena.com |
| kvelazquez@gaebemullen.com | service@kaplanzeena.com |
| *Co-Counsel for Evanston Insurance Company* | *Co-Counsel for Evanston Insurance Company* |
| | |
| Gary Alan Friedman, Esq. | Stephen A. Marino, Jr., Esq. |
| John S. Seligman, Esq. | S. Alice Weeks, Esq. |
| Friedman & Friedman, P.A. | Ver Ploeg & Marino, P.A. |
| 2600 Douglas Road, Suite 1011 | 100 S.E. Second Street, Suite 3300 |
| Coral Gables, FL 33134 | Miami, FL 33131 |
| 305-446-6485 | 305-577-3996 |
| 305-448-7636 *facsimile* | 305-577-3558 *facsimile* |
| gary@friedmantriallawyers.com | smarino@vpm-legal.com |
| john@friedmantriallawyers.com | sweeks@vpm-legal.com |
| susy@friedmantriallawyers.com | smcgee@vpm-legal.com |
| *Counsel for Jane and John Doe* | *Counsel for Westchester General Hospital, Inc.* |