EXHIBIT C

**EXHIBIT C**

Filing # 49397116 E-Filed 11/29/2016 03:35:36 PM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN
AND FOR BREVARD COUNTY, FLORIDA

CASE NO.
05-2014-CA-015794-XXXX-XX

MICHAEL J. GALLO,

        Plaintiff,

vs.

TYLER R. BROCK and THE TRAVELERS
HOME AND MARINE INSURANCE
COMPANY, a Foreign Corporation,

        Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

THIS CAUSE having come before the Court for hearing on Monday, November 14, 2016 on Plaintiff's Motion for Attorney's Fees and Costs and upon the evidence presented, the Court finds as follows:

1. Plaintiff, MICHAEL J. GALLO, pursuant to Section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure, filed a Proposal for Settlement in this matter on or about January 14, 2015. The Court finds that the Proposal for Settlement was valid and unambiguous. In so finding, the Court has considered all arguments of counsel, the Memorandum filed and case law presented, including, but not limited to, the recent cases from the Florida Supreme Court in *Anderson v. Hilton Hotel Corp., et al.*, No. SC15-124 (Nov. 3, 2016) and *Kuhajda v. Borden Dairy*, 2016 WL6137289 (Oct. 20, 2016). The Proposal for Settlement offered settlement in the amount of $200,000.00.

2. This matter proceeded to trial and resulted in a verdict in the amount of $422,753.00. Thereafter, a Final Judgment was entered by the Court on August 10, 2016 in the amount of policy limits of $250,000.00. The amount of the verdict and Final Judgment exceed the Proposal for Settlement by at least 25%.

3. The Plaintiff is a prevailing party under Section 57.041, Florida Statutes and both Section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure. The taxable costs shall result in a Cost Judgment for both pre Proposal for Settlement costs as a prevailing party, as well as post Proposal for Settlement costs pursuant to Section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure. This Judgment will increase Plaintiff's recovery to an amount greater than the $250,000.00 policy limits Judgment that has already been entered by the Court. Plaintiff is therefore clearly entitled to attorney's fees and costs as provided for in both Section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure, as well as costs as a prevailing party pursuant to Section 57.041, Florida Statutes.

4. Since the filing of the Proposal for Settlement, Alpizar Law, LLC and The Carlyle Appellate Law Firm has expended the following hours in connection with the prosecution of this case through the date of the hearing:

| | |
|---|---|
| O. John Alpizar, Esquire | 211.65 |
| Andrew B. Pickett, Esquire | 145.00 |
| Cynthia Scott | 56.55 |

    Christopher Carlyle, Esquire    29.2
    Paula Sullivan    5.1

The Court finds the following hours to be reasonable based on the evidence presented:

    O. John Alpizar, Esquire    211.00
    Andrew B. Pickett, Esquire    145.00
    Cynthia Scott    56.55
    Christopher Carlyle, Esquire    29.2
    Paula Sullivan    5.1

5. The Court must next determine a reasonable hourly rate. Among the factors that the Court is to consider are the skills requisite to perform the legal services; the likelihood that the acceptance of this particular employment would preclude other employment by the lawyer; the amount involved; the time limitations imposed by the client; the nature and length of the professional relationship with the client; the experience, reputation and ability of the lawyer or lawyers and paralegals performing these services and the fee customarily charged in the locality for similar legal services.

In addition to the factors described above, the Court has also considered the factors identified in Section 768.79(7)(b), including the then apparent merit or lack of merit in the claim; the number and nature of offers made by the parties; the closeness of questions of fact and law at issue; whether the person making the offer had unreasonably refused to furnish information necessary to

evaluate the reasonableness of such offer; whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting non-parties; and the amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

The Court has considered each of these factors in determining a reasonable hourly rate. The Court places heaviest reliance upon the factors related to the skill, experience, reputation, and ability of counsel for Plaintiff in determining a reasonable hourly rate. The fee customarily charged in the locality for similar legal services is not as important here because attorneys do not charge for their services in handling Plaintiff's personal injury cases based on an hourly method of calculation. However, the Court has considered the evidence regarding the prevailing market rates in Brevard County, throughout Central Florida and statewide. The Court has determined the following are reasonable hourly rates for each of the attorneys and paralegal who performed services in this matter:

| | |
|---|---|
| O. John Alpizar, Esquire | $800.00 per hour |
| Andrew B. Pickett, Esquire | $425.00 per hour |
| Cynthia Scott | $150.00 per hour |
| Christopher Carlyle, Esquire | $650.00 per hour |
| Paula Sullivan | $150.00 per hour |

6. In determining a reasonable hourly rate, the Court has little reservation in saying that Plaintiff's attorneys are highly

-4-

skilled, highly experienced, have the highest reputations obtainable and performed services on behalf of the Plaintiff with the highest professional ability. In addition, all of the factors considered by the Court, including the testimony and evidence presented at the hearing, support an attorney's fee award in this range and under the facts and circumstances of this case. In reaching my decision, I have also considered the testimony of Stephen Charpentier, Esquire. I accept his opinions and find his testimony to be the more credible and believable. I considered the testimony and opinions offered by the expert called by the defense, Randy Brennan. His opinions have previously been rejected by this Court in the *Montijo v. Devlin* case, Case Number 05-2014-CA-35600-XXXX-XX. While I find that Mr. Brennan answered questions candidly, his testimony is of little value in this case because it does not comport with the evidence presented and this Court's observations of the reality of attorney's fees. The Court has also considered prior orders offered as evidence regarding the issue of attorney's fees and reasonable hourly rate, the evidence of market rate being charged by other lawyers of comparable skill and experience and the rates being charged by mediator services in Central Florida.

7. After considering the number of hours expended by counsel and paralegals, as well as the reasonable hourly rates, the Court finds that Plaintiff's attorneys and paralegal are entitled to fees in the amount of $258,652.50. The Court finds those fees to be reasonable under the facts and circumstances of this case and shall

be the responsibility of the Defendant. The fees for O. John Alpizar, Esquire are determined to be $168,00.00, the fees for Andrew B. Pickett, Esquire are determined to be $61,625.00, the fees for the paralegal services of Cynthia Scott are determined to be $8,482.50, the fees for Christopher Carlyle, Esquire are determined to be $18,980.00, and the fees for the paralegal services of Paula Sullivan are determined to be $765.00.

8. The Court further finds that the attorney's fee expert, Stephen Charpentier, Esquire is entitled to a fee for the time devoted to preparing for and testifying on behalf of the Plaintiff. This Court finds that Mr. Charpentier's reasonable hourly rate is $600.00 an hour and 14.5 hours were reasonably expended for a total of $8,700.00.

DONE AND ORDERED in Viera, Brevard County, Florida, this ___ day of _____, 2016.

_____
CIRCUIT JUDGE

Conformed copies to:
O. John Alpizar, Esquire
Michael J. Merrill, Esquire
Steven Charpentier, Esquire
Chris Carlyle, Esquire