E
X
H
I
B
I
T


D

**EXHIBIT D**

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

STEPHEN A. BARNES,

     Plaintiff,

Vs.                                Case No. 06-CC-14629
                                      Div. L

DOLPHIN HOMES, INC.,

     Defendant.

_____/

## FINAL JUDGMENT FOR ATTORNEY'S AND COSTS

THIS CAUSE came before the Court for final evidentiary hearing on December 9, 2015 and January 8, 2016, on the sole issue of the amount of reasonable attorneys' fees and costs to be awarded to Plaintiff, Stephen A. Barnes, ("Plaintiff"), the issue of entitlement having already been decided in favor of Plaintiff and against Defendant, Dolphin Homes, Inc., ("Defendant") pursuant to the Court's Order Granting Plaintiff's Motion to Tax Fees and Costs based on Final Judgment and Proposal for Settlement entered on July 3, 2012. After hearing testimony of the parties' witnesses, having heard the argument of counsel for the parties, having considered the exhibits introduced into evidence, and having reviewed and considered the legal memoranda submitted by the parties after the hearing, the Court finds as follows:

    1.    Plaintiff is the prevailing party in this action by virtue of the Final Judgment in the amount of $13,487.84 entered on October 6, 2011 in favor of Plaintiff and against Defendant and an Amended Final Judgment in the amount of $13,910.91 entered on September 6, 2012.

    2.    Plaintiff is entitled to recover his reasonable fees and costs pursuant to this Court's Order Granting Plaintiff's Motion to Tax Fees and Costs based on Final Judgment and Proposal for Settlement entered on July 3, 2012 and this Court's Amended Final Judgment entered on September 6, 2012.

    3.    The Defendant has raised an objection to this Court's jurisdiction to enter a judgment for fees in excess of $15,000.00, which was denied by this Court orally

1

on December 9, 2015 (at hearing in this matter), and by Order dated February 12, 2016.

4. This Court has jurisdiction to enter final judgment for fees and costs in excess of the $15,000.00 jurisdictional limit of the County Court pursuant to Section 34.01(1)(c) of the Florida Statues, which vests the county court with jurisdiction to consider "all actions at law in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorney's fees . . ."

5. This Court is charged with determining the amount of reasonable attorney's fees and costs to be taxed against the Defendant, and the propriety of a multiplier, where applicable, using the lodestar approach set forth by the Florida Supreme Court in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The Court also relies upon and specifically considers the criteria set forth in *Sarkis v. Allstate*, 863 So. 2d 210 (Fla. 2003) and *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990).

6. Under the analysis set forth in the above referenced cases, the court must consider the following factors:

    a. the time and labor required;

    b. the novelty and difficulty of the questions;

    c. the skill required to perform the legal services;

    d. the preclusion of other employment by the attorney due to the acceptance of the case;

    e. the customary fee;

    f. whether the fee is fixed or contingent;

    g. time limitations imposed by the client or other circumstances;

    h. the amount involved and the results obtained;

    i. the experience, reputation, and ability of the attorney;

    j. the "undesirability" of the case;

    k. the nature and length of the professional relationship with the client;

    l. awards in similar cases.

    m. The skill required to perform the legal services.

7. Since the basis for the fee award involved a Proposal for Settlement, the Court also considered the criteria set forth in Florida Rule of Civil Procedure 1.442(h) (2). Based upon the evidence presented, none of the fees sought accrued before January 25, 2007, the date the Proposal for Settlement Pursuant to Florida Rule of Civil Procedure 1.442 and Fla. Sta. §768.79 was served by the Plaintiff upon Defendant.

8. Under *Quanstrom* and *Rowe*, this Court must first determine the "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the service of the Plaintiff's attorney.

9. With respect to the hourly rates charged by Plaintiff's counsel, after consideration of the record evidence, the file, the docket, the testimony of the Plaintiff's witnesses, and in particular, Plaintiff's expert witness, Anthony T. Martino, Sr., Esquire, a board certified civil trial attorney practicing over thirty-five (35) years, the Court finds the following rates to be reasonable:

   (a) $600.00 is reasonable in the community for an attorney having Stephen A. Barnes' education, experience, ability, background, and reputation.

   (b) $230.00 is reasonable in the community for an attorney having John V. Trujillo's education, experience, ability, background, and reputation.

   (c) $500.00 is reasonable in the community for an attorney having James A. Wardell's education, experience, ability, background, and reputation.

10. With respect to the hours charged by Mr. Barnes in the prosecution of this action, the Court applies the factors set forth in *Rowe*. 472 So. 2d at 1150. In applying these factors, the Court finds that any time spent by Mr. Barnes on clerical or secretarial tasks are part of overhead and are not taxable to the Defendant. *See Youngblood v. Youngblood*, 91 So. 3d 190, 192 (Fla. 2d DCA 2012). The Court finds that 3 hours of the total 92 hours expended by Mr. Barnes appear to be clerical in nature and finds such that such time is not taxable to the Defendant.

11. With respect to the hours charged by Mr. Trujillo in the prosecution of this action, the Court applies the factors set forth in *Rowe*. 472 So. 2d at 1150. In applying these factors, the Court finds that the time spent by Mr. Trujillo related to the prosecution of the garnishment of Defendant's The Bank of Tampa account is not taxable under *Paz v. Hernandez*, 654 So. 2d 1243 (Fla. 3d DCA 1995). The Court

finds that 5.60 hours of the total 27.9 hours expended by Mr. Trujillo is directly related to the garnishment; additionally, .50 of the total hours appears to be purely clerical in nature. The Court finds such time, a total of 6.1 hours, is not taxable to Defendant.

12. Accordingly, with respect to the reasonable hours expended by Plaintiff's counsel, the Court finds that:

(a) 89 hours were reasonably expended by Stephen A. Barnes, Esquire;

(b) 21.80 hours were reasonably expended by John V. Trujillo, Jr., Esquire;

(c) 6 hours were reasonably expended by James A. Wardell, Esquire.

13. Based upon the reasonable hours and rates set forth above, reasonable attorneys' fees in this action total $53,400.00 for Stephen A. Barnes (89 hours at $600.00 per hour), $5,014.00 for John V. Trujillo (21.80 hours at $230.00 per hour), and $3,000.00 for James A. Wardell (6 hours at $500.00 per hour), for a grand total of **$61,414.00**.

14. As to Plaintiff's fee expert, Anthony T. Martino, Sr., Esquire, the Court finds Mr. Martino reasonably expended 15.5 hours at a rate of $650.00, which rate is reasonable in the community given Mr. Martino's education, experience, ability, background and reputation, for a total of **$10,075.00**, which shall be taxed as a cost.

15. The Court finds the following court costs incurred by the Plaintiff, to be taxable to the Defendant:

| | |
|---|---|
| Filing Fee (filing of suit) | $255.00 |
| Service of Process (filing of suit) | $70.00 |
| Deposition Appearance Fees (Levine/Fernandez) | $106.00 |
| Deposition Transcripts (Levine/Fernandez) | $349.25 |
| Deposition Transcript (Barnes) | $41.55 |
| Service of Subpoena (Strickland) | $24.00 |
| Deposition Transcript (Strickland) | $252.00 |
| Total Court Costs | **$1,197.80** |
| Fee Expert (multiple hearings) | $10,075.00 |
| TOTAL TAXABLE COSTS | **$11,272.80** |

4

16. The Court finds that Plaintiff is entitled to interest on the attorneys' fees accruing from the date of the Proposal for Settlement through the entry of the Amended Final Judgment which established Plaintiff's entitlement to attorneys' fees.

17. The Court finds that Plaintiff is not entitled to interest on fees related to collection efforts.

18. The interest on the award of attorneys' fees in this matter accrues from the date the Court determined entitlement. *See Lorillard Tobacco Co. v. French*, 12 So. 3d 786 (Fla. 3d DCA 2009) (prevailing party entitled to interest on award of attorneys' fees stemming from a proposal for settlement from the date the court determines entitlement); *Quality Engineered Installation, Inc. v. Bigley South, Inc.*, 670 So. 2d 929 (Fla. 1996) (interest on fee award begins to accrue on date court determines party's entitlement to fees).

19. Specifically, the Court finds that Plaintiff is entitled to interest on 84.20 hours of the 89 total taxable hours expended by Mr. Barnes at $600.00 per hour which is $50,520.00, and all 6 of the hours expended by Mr. Wardell at $500 per hour which is $3,000.00, for a total of $53,520.00. The Court further finds that Plaintiff is not entitled to interest on any of the taxable hours expended by Mr. Trujillo through the entry of the Amended Final Judgment as all hours were expended for the collection of the judgment.

20. The Court finds that Plaintiff is entitled to interest on its fee award in the amount of $9,278.61, which represents interest on $53,520.00 from the entry of the Amended Final Judgment on September 6, 2012 through April 30, 2016 ($53,520.00 x .0475/365 x 1302 days + $53,520.00 x .0478/365 x 30 days).

**WHEREFORE IT IS ORDERED AND ADJUDGED AS FOLLOWS:**

Final Judgment is entered in favor of Plaintiff, Steven A. Barnes, and against Defendant, Dolphin Homes, Inc., for attorneys' fees of $61,414.00, court costs of $11,272.80, and interest of $9,278.61 for the sum of **$81,965.41** which shall bear interest at the prevailing rate per annum as provided for by the Florida Statutes, **FOR WHICH LET EXECUTION ISSUE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant, Dolphin Homes, Inc., shall complete the Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet and return it to Plaintiff's attorney within 45 days from the date of this Final Judgment, unless the Final

Judgment is satisfied, or a motion for a new trial or notice of appeal is filed. Jurisdiction of this case is retained to enter further orders that are proper to compel Defendant to complete the Fact Information Sheet and return it to Plaintiff's attorney.

DONE AND ORDERED in Chambers, Tampa, Hillsborough County, Florida on this 30th day of April, 2016.

Hon. Kim Hernandez Vance
Circuit Court Judge.

Copies furnished to:
Stephen A. Barnes, Esq. 505 S. Magnolia Ave. Tampa, FL. 33606
John V. Trujillo, Esq. P.O. Box 18231 Tampa, FL. 33679
Anthony T. Martino, Esq. 3407 W. Kennedy Blvd. Tampa, FL. 33609
Arnold D. Levine, Esq. 505 E Jackson St. #200 Tampa, FL. 33602

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH)
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS _5_ DAY OF _May_ , 20 _16_

PAT FRANK, CLERK
BY _____ D.C.

6