**Composite Exhibit E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-60626-WPD-LSS

THE CORNFELD GROUP, LLC,

    *Plaintiff*,

v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY NO.
AMR-55418-01, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE COMPANY,
GENERAL SECURITY INDEMNITY COMPANY OF
ARIZONA, UNITED SPECIALTY INSURANCE
COMPANY, LEXINGTON INSURANCE COMPANY,
PRINCETON EXCESS AND SURPLUS LINES
INSURANCE COMPANY, INTERNATIONAL
INSURANCE COMPANY OF HANNOVER SE,

    *Defendants*.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court on Plaintiff's Motion to Tax Costs [DE 34] and Plaintiff's Motion for Attorney's Fees and Costs [DE 40], and the Report and Recommendation of Magistrate Judge Lurana S. Snow (the "Report") [DE 50], dated February 7, 2020. The Court has conducted a *de novo* review of the Report [DE 50], Defendants' Joint Objections to Magistrate Judge's Report and Recommendation [DE 51], Plaintiff's Response [DE 52], Defendants' Joint Reply [DE 53], and the record herein. Judge Snow held a hearing was held on the Motions on September 11, 2019. *See* [DE's 326, 327]. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United

States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

     This case arose out of a dispute between Plaintiff, the insured, and Defendants, the insurers, regarding five commercial properties damaged during Hurricane Irma in September 2017. Both parties selected an arbitrator and the arbitrators conferred, but were unable to agree on the amount of loss. Pursuant to the terms of the insurance policy at issue, the arbitrators were to appoint a neutral umpire to assist in determining the amount of loss by the Arbitration Tribunal (consisting of the two arbitrators and the neutral umpire). Plaintiff filed a one-count Complaint for declaratory relief against Defendants in Florida state court on January 29, 2019, alleging that it had approximately $20 million in losses, that Defendants had paid only $1.25 million with no explanation regarding what damage or property was being paid for, and that, while the parties had agreed to proceed to arbitration under the policy, Defendants had delayed the selection of a neutral umpire. *See* [DE 1-3]. Defendants removed the case to federal court on

March 8, 2019 pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. § 205. *See* [DE 1].

The case proceeded to a bench trial on May 30, 2019. *See* [DE 23]. The Court ruled in favor of Plaintiff, selecting a neutral umpire proffered by Plaintiff and otherwise making the declarations requested by Plaintiff. *See* [DE 26]. The Court entered Final Judgment consistent therewith and closed the case. *See* [DE's 32, 33].

By the instant Motions, Plaintiff seeks an award of attorney's fees in the amount of $39,108.50. Plaintiff also seeks an award of costs in the amount of $1,372.29. In the Report, Magistrate Judge Snow recommends that the undersigned grant the Motion for Attorney's Fees and Costs [DE 40] awarding Plaintiff attorneys' fees in the amount of $39,108.50 and costs in the amount of $1,372.29. Magistrate Judge Snow also recommends that the undersigned deny the Motion to Tax Costs [DE 34] as moot.

Having carefully considered the Objections, and having reviewed the arguments and relevant case law, the Court overrules the Objections. The Court agrees with the analysis and conclusions set forth in Magistrate Judge Snow's well-reasoned and thorough Report. Plaintiff has demonstrated that it is the prevailing party and that it is entitled to its attorneys' fees and costs for bringing the instant declaratory judgment action, and that the amount of the attorneys' fees sought is reasonable.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 50] is hereby **APPROVED**;

2. Defendants' Joint Objections to Magistrate Judge's Report and Recommendation [DE 51] are **OVERRULED**;

3. Plaintiff's Motion for Attorney's Fees and Costs [DE 40] is hereby **GRANTED**;

4. Plaintiff's Motion to Tax Costs [DE 34] is hereby **DENIED AS MOOT**;

3

5. Plaintiff is hereby awarded attorneys' fees in the amount of $39,108.50 and costs in the amount of $1,372.29.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of March, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60626-CIV-DIMITROULEAS/SNOW

THE CORNFELD GROUP, LLC,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY AMR-55418-01; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, and INTERNATIONAL INSURANCE COMPANY OF HANOVER SE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Motion to Tax Costs (ECF No. 34) and Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 40), which were referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation. The Motions are fully briefed and a hearing was held on December 11, 2019.

## I. BACKGROUND

This was an action for declaratory relief brought by an insured against multiple insurance companies. The Complaint was filed in state court on January 29, 2019, and was removed to this Court on March 8, 2019. (ECF No. 1) The Complaint alleges that the Plaintiff filed a claim with the Defendants after five of its properties were damaged during Hurricane Irma. The adjustment process commenced, during which the Defendants sent a reservation of rights letter

which generally cited to several exclusions, and the Plaintiff submitted a loss estimate which exceeded $20 million. The Defendants issued a $1.25 million check to the Plaintiff without specifying the damages for which they were paying. In July 2018, the Plaintiff submitted a proof of loss pertaining to its damage claim. On August 13, 2018, the Defendants advised the Plaintiff that they had not completed their investigation of the claim. Thereafter, the parties decided to resolve their dispute by arbitration, as mandated by the policy issued to the Plaintiff. Complaint (ECF No. 1-3) at 4-5.

The Complaint further alleges that the parties selected their arbitrators, but the two arbitrators were not able to agree on the amount of the loss. The policy provides that the next step is the appointment of a neutral umpire to assist in determining the amount of the loss. Id. at 6. According to the Complaint, "[t]he Insurer's arbitrator is delaying the selection of an umpire by attempting to create a dispute as to what issues are appropriate for the Arbitration Tribunal," when the only issues are the extent of the Plaintiff's damages and whether the damages are subject to any policy exclusion. Id. The Complaint is silent on the length of the alleged delay.

The Complaint seeks a declaration that:

a. A neutral umpire must be appointed as the parties' arbitrators cannot agree on the amount of loss or the issues for arbitration;

b. The Arbitration Tribunal will have the power to review all issues between the parties;

c. The Arbitration Tribunal will have the power to fix all procedural rules for the arbitration and will have the power to issue any orders on any matter; and

d. The Insurers must participate in arbitration with no further delays.

Id. at 7.

In the Joint Pretrial Stipulation, the Defendants stated:

Since Defendants' appointment of Louise A. Kelleher, as the Defendants' party arbitrator, there has been no agreement as to selection of a neutral arbitrator. Plaintiff's party arbitrator, John C. Robison, has wanted to begin inspections of the property and engage

>       an expert, while Ms. Kelleher has not wanted to take any action as an arbitration panel until a neutral has been selected as there are already issues in dispute.
>
>       Because Ms. Kelleher has been apprised there are coverage issues in this case, Ms. Kelleher sought appointment of a neutral with New York law experience, while Mr. Robison has indicated he is not aware there are any coverage issues, and therefore sought appointment of a neutral with no New York law expertise. Both arbitrators have suggested neutrals pursuant to their perspective and there has been no agreement as to an arbitrator neutral.

(ECF No. 16 at 3)

A bench trial was conducted by United States District Judge William P. Dimitrouleas on May 30, 2019, after which Judge Dimitrouleas issued his Order Appointing Umpire; Closing Case. (ECF No. 26) In that Order, the Court noted that the Plaintiff had brought the matter to the Court for resolution and that the Defendant had consented to the Court's appointment of an Umpire. The Court selected an umpire whose "experience and qualifications appear to meet the requirements of the Policy's language and spirit, as well as the interests set forth by the parties." Id. at 4. The Court concluded by stating,

>       Finally, while both parties agree, and the Policy language is clear and unambiguous as to these issues, the Court nonetheless DECLARES as follows:
>
>       The Arbitration Tribunal shall review all issues between the parties, including all issues of coverage and issues regarding the amount of loss. The Arbitration Tribunal has the power to fix all procedural rules for the arbitration and the Arbitration Tribunal will have power to issues any orders on any matter.

Id.

On July 22, 2019, the Plaintiff filed a Motion for Entry of Final Judgment, to include an award of attorney's fees and costs. (ECF No. 27) The Defendants opposed the Motion, arguing that "Plaintiff's entitlement to attorney's fees, if any, should be decided by the Arbitration Panel in accordance with the Court's prior order." (ECF No. 30 at 2) On August 16, 2019, the Court granted the Plaintiff's Motion, in part, stating that a separate final judgment would be entered and that "[a]ny

motion for attorneys' fees and costs must be filed in full compliance with Rule 7.3 of the Local Rules and will be referred to the Magistrate Judge." (ECF No. 32) Final Judgment was entered the same day, reiterating the conclusion set forth in the Order Appointing Umpire; Closing Case, as discussed above. (ECF No. 33) The instant Motions followed.

At the hearing on the instant Motions, counsel for the Plaintiff stated that this action was filed after the arbitration process had been stalled for approximately one year, and that the umpire appointed by the Court was the individual who had been proposed by the Plaintiff and rejected by the Defendant. Counsel for the Defendants did not challenge these statements.

The Plaintiff seeks an award of attorney's fees in the total amount of $39,108.50, representing 39.70 hours of work at the hourly rate of $600.00 for attorney Stephen A. Marino, Jr.; 44 hours by attorney S. Alice Weeks at the hourly rate of $300.00; 8.10 hours by paralegal Linda M. Mulhall at the hourly rate of $255.00, and .10 hours by paralegal Monica C. Garcia at the hourly rate of $230.00. In both the Motion for Attorney's Fees and Costs and Motion to Tax Costs, the Plaintiff seeks an award of costs in the amount of $1,372.29, based on $428.54 in fees of the Clerk; $229.95 in fees for summons and subpoena; $537.55 in fees for transcripts, and $176.25 in fees for exemplification and copying costs.

The Defendants oppose the Motion for Attorney's Fees and Costs on several grounds. The Defendants' initial contention is that the issue of whether the Plaintiff is entitled to an award of attorney's fees must be decided by the Arbitration Tribunal, based on the policy and the Court's prior orders. The Defendants also argue that Florida law does not support the Plaintiff's fee claim because: (1) the Defendants did not wrongfully withhold the payment of the proceeds of the policy, (2) the filing of the instant declaratory judgment action was unnecessary, and (3) the court has not yet made a determination of coverage. Without waiving these arguments, the Defendant also argues that the claimed fees are excessive because Mr. Marino's hourly rate was too high.

4

As to the Motion to Tax Costs, the Defendants contend that the Motion must be denied because the Plaintiff was not the prevailing party under Rule 54(d), Fed. R. Civ. P., and because the Plaintiff did not comply with the provisions of Local Rule 7.3(b). The Defendants note that the Plaintiff has requested the same costs in both Motions, and argue that the Plaintiff cannot cure its failure to comply with Local Rule 7.3(b) by renewing its request in the Motion for Attorney's Fees and Costs.

## II. DISCUSSION

### A. Attorney's Fees

1. Delegation Clause

The Defendants first contend that the issue of whether the Plaintiff is entitled to an award of fees has been delegated to the Arbitration Tribunal. The policy issued to the Plaintiff in this case contains an arbitration clause which states: "All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal ...." (ECF No. 1-4 at 40) The clause goes on to state that the Tribunal "shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration ...." Id. at 41.

Clauses containing this or similar language are termed "delegation clauses." Jones v. Waffle House, Inc., 866 F.3d 1257, 1263 (11th Cir. 2017); Parnell v. CashCall, Inc. 804 F.3d 1142, 1148 (11th Cir. 2015). When a delegation provision containing language such as this one is included in an arbitration agreement, a federal court retains jurisdiction only "to review a challenge

5

to that particular provision," and, absent such a direct challenge, the court "must treat the delegation provision as valid and allow the arbitrator to determine the issue of arbitrability." Parnell at 1148 (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 72 (2010). Accord, Jones at 1271; Martinez v. Carnival Corp., 744 F.3d 1240, 1243-45 (11th Cir. 2014); In re Checking Account Overdraft Litigation MDL No. 2036, 674 F.3d 1252, 1255-56 (11th Cir. 2012).

In the instant case, the Plaintiff asked this Court for a declaration that the "Arbitration Tribunal will have the power to review all issues between the parties," as well as "the power to fix all procedural rules for the arbitration and will have the power to issue any orders on any matter." (ECF No. 1-3) at 7. This Court entered its Order Appointing Umpire; Closing Case which, after noting that the parties were in agreement, included this requested language. (ECF No. 26) The Plaintiff then moved for the entry of final judgment, asking that the judgment include an award for attorney's fees and costs. The Court reiterated the language pertaining to the powers of the Arbitration Tribunal that was set forth in the Order Appointing Umpire, and stated that any motion for fees and costs would be referred to the undersigned. (ECF Nos. 32-33)

The Defendant argues that although this case proceeded in this Court from the complaint stage to final judgment, issues relating to attorneys' fees incurred during the prosecution of the action should be decided by the Arbitration Tribunal or, at a minimum, the Tribunal should determine whether this issue is arbitrable. None of the parties has cited any case which directly addresses this issue.

The undersigned notes that the Plaintiff sought intervention from this Court after the arbitration process had stalled for approximately one year, and the process did not resume until the Court granted the relief requested by the Plaintiff. Therefore, common sense dictates that because the matters decided by this Court have taken place outside the arbitration process, there is no reason why the Court should not retain jurisdiction to address the issue of the attorneys' fees associated with the matters decided. Additionally, as the Plaintiff points out, Florida courts have awarded attorneys'

fees in cases where a party has moved to compel arbitration. See, Pawtucket Mut. Ins. Co. v. Manganelli, 3 So.3d 421, 423 (Fla. 4th DCA 2009); Latin Am. Prop. & Cas. Co. v. Pastor, 561 So.2d 1302, 1303 (Fla. 3d DCA 1990); Leaf v. State Farm Mut. Auto. Ins. Co., 544 So. 2d 1049, 1050 (Fla. 4th DCA 1989). Therefore, the issue of attorneys' fees need not be submitted to the Arbitration Tribunal.

2. Florida Law

The Plaintiff seeks an award of attorneys' fees pursuant to Fla. St. § 626.9373 which provides, in pertinent part:

> Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named. . . insured . . . the trial court . . . shall adjudge or decree against the insurer in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded.

The language of this statute mirrors that of Fla. St. § 627.428, which deals with ordinary insurers rather than surplus line insurers.

"The purposes of [these statutes] are to 'discourage the contesting of valid claims against insurance companies' and 'to reimburse successful insureds for their attorneys' fees when they are compelled to defend or sue to enforce their insurance contracts.'" Trans Coastal Roofing Co., Inc. v. David Boland Inc., 309 F.3d 758, 760 (11th Cir. 2002) (quoting Insurance Co. of North America v. Lexow, 602 So.2d 528, 531 (Fla. 1992)). Unlike Fed. R. Civ. P. 54(d), Fla. Stat. § 626.9373 does not require a finding that the insured is a "prevailing party." Instead, it requires only a judgment or decree by any of the courts of this state against an insurer and in favor of any named insured.

The Defendants argue that the Plaintiff is not entitled to fees under § 626.9373 because the Defendants never withheld payment proceeds and the filing of the instant action was

unnecessary. Additionally, the Defendants assert that no award of fees is warranted because the issue of coverage has not yet been determined.

In Pawtucket Mut. Ins. Co. v. Manganelli, 3 So. 3d 421 (Fla. 4th DCA 2009), Manganelli had requested that the arbitration of his claim take place in Palm Beach County, Florida, the location of his primary residence. The insurer insisted that the arbitration occur in New Hampshire, the location listed by Manganelli as his primary residence when the policy was issued. Manganelli filed a declaratory judgment action, and the court ruled in his favor. Manganell sought an award of attorneys' fees under Fla. Stat. § 627.428. The appellate court first cited the holding in Leaf v. State Farm Mut. Auto. Ins. Co., 544 So.2d at 1050, that an award of attorneys' fees "is generally appropriate under section 627.428 when an action to compel arbitration is reasonably necessary to pursue an insurance claim." Pawtucket, 3 So.3d at 423. The Pawtucket court also noted the holding of Sanchez v. Am. Ambassador Cas. Co., 559 So.2d 344, 346 (Fla. 2d DCA 1990) that "an insurer's refusal to arbitrate a claim effectively amounts to a denial of coverage warranting an award of attorney's fees." Pawtucket, 3 So.3d at 423. Based on the reasoning of these cases, the Pawtucket court concluded that although "Pawtucket did not deny coverage per se, by maintaining that arbitration had to take place in New Hampshire, it forced Manganelli to engage in litigation unnecessarily in the face of Manganelli's insistence that he 'lived' in Palm Beach County," and an award of attorney's fees was justified. Id.

The case of Whitfield v. Century Ins. Co. of New York, 281 So. 2d 569 (Fla. 3d DCA 1973) involves facts similar to those in the instant case. In Whitfield, the arbitration process had begun, but the two selected arbitrators were unable to agree on an impartial third party. Whitfield filed a declaratory judgment action, seeking a declaration of his rights and asking the court to appoint an impartial third arbitrator. The complaint sought an award of attorneys' fees and costs. The insurer filed a motion to dismiss and a motion to appoint a third arbitrator. The court entered an order appointing the impartial third arbitrator and dismissing the case, with no award of fees or costs to

8

Whitfield. The appellate court affirmed the appointment of the third arbitrator, but reversed the order of dismissal and remanded the case with directions to the trial court

> to consider whether the appellant's action in bringing the matter of the failure of the arbitrators to agree to the attention of the court was reasonably necessary under the circumstances in order to pursue his claim arising under his insurance policy. If the court finds that the action was reasonably necessary, it shall assess reasonable attorney's fees pursuant to Fla. Stat. s 627.428, F.S.A. In any event, the court is to award costs to the plaintiff.

Id. at 570.

In the instant case, the undersigned finds that it was reasonably necessary to seek this Court's intervention. Indeed, it would seem that the Plaintiff had no other available option. The arbitration process had stalled for more than a year, and there is no reason to believe it would have moved forward without this Court's appointment of a third arbitrator. While it is true that by the time this case was tried, the parties were in agreement as to their rights and obligations under the contract, the fact remains that it was the Plaintiff who sought a declaratory judgment as to those rights and obligations. Moreover, the third arbitrator selected by the Court was the one who had been proposed by the Plaintiff and rejected by the Defendants.

The Defendants nonetheless contend that the Plaintiff is not entitled to fees because the issue of coverage has not been decided and, as a result, the provisions of § 626.9373 have not been triggered, citing Arvat Corp. v. Scottsdale Ins. Co., No. 14cv22774, 2016 WL 5795122 (S.D. Fl. Sept. 12, 2016) (no fees awarded in an action to compel appraisal). In light of the cases discussed above, the undersigned does not find this argument persuasive. Whitaker, which is directly on point, instructs that fees should awarded if the Plaintiff's lawsuit was reasonably necessary under the circumstances to pursue a claim arising under an insurance policy. Having found that the instant action was reasonably necessary, the undersigned concludes that the Plaintiff is entitled to an award of attorneys's fees and costs.

3. <u>Amount of Fee Award</u>

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." <u>Id</u>. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." <u>Id</u>. at 433-34. Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." <u>Id</u>. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Id</u>. at 1299, citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895-96 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. <u>Norman</u>, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. <u>Id</u>. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Id</u>. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a

10

fee request is not required." Loranger v. Stierheim,10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

In the instant case, the Defendants object only to Mr. Marino's claimed hourly rate of $600.00. The Plaintiff notes that Mr. Marino is the managing partner of the law firm of Ver Ploeg & Marino, P.A. Mr. Marino has 23 years of litigation experience, the vast majority of which has been devoted to insurance-related disputes. Since the inception of the case, Mr. Marino has been involved in all of its aspects as the primary decision-maker and strategist. He participated in drafting motions, communicated with the client and opposing counsel, oversaw case strategy and attended the trial. Considering Mr. Marino's expertise in the field of insurance litigation and his role in this case, the undersigned finds that the claimed rate of $600.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation, and this rate should be awarded.

Although the Defendant does not challenge the hourly rates charged by Ms. Weeks ($300.00) and the two paralegals ($230.00 and $255.00), the undersigned finds that these rates also are within the range of rates charged in the Southern District of Florida for similar services by legal professionals of reasonably comparable skills, experience and reputation. After a careful review of the record, the undersigned further finds that 83.7 hours of attorney time and 8.2 hours of paralegal time also are reasonable amounts of time to have spent on the case. Therefore, the requested fee award of $39,108.50 should be granted.

### B. Costs

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs,

11

which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

> Taxable costs are identified in 28 U.S.C. § 1920:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and csts of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the Plaintiff seeks an award of costs in the amount of $1,372.29, based on $428.54 in fees of the Clerk; $229.95 in fees for summons and subpoena; $537.55 in fees for transcripts, and $176.25 in fees for exemplification and copying costs. Each of these costs is taxable under § 1920, and the Defendants do not object to the types or amounts of the claimed costs. The Defendants argue instead that the costs should be disallowed because the Plaintiff was not the prevailing party and because the Plaintiff failed to comply with Local Rule 7.3(c), which provides, in pertinent part:

> Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R. 7.1(a)(3) [dealing with pre-filing conferences] in a good faith effort to resolve the items of costs being sought. . . .

The Defendants proffer the following sequence of events:

12

> Plaintiff served a draft Motion for Attorney's Fees and Costs 33 days after Entry of Judgment. The draft motion was extensively amended before it was filed. Defendants were not provided with a copy of the amended motion for Attorney's Fees and Costs before it was filed with the Court.
>
> Plaintiff conferred with Defendants 23 days after service of the initial draft Motion for Attorney's Fees and Costs.

(ECF No. 42 at 19 n.1, n.2)

In its reply memorandum, the Plaintiff counters with its own rendition of the facts surrounding the conferral process:

> The undersigned [Stephen A. Marino, Jr.] contacted the Insurers' counsel, Brian McKell, and requested a 2-3 day extension to serve a draft of the fee motion. Mr. McKell granted the undersigned's request.... The undersigned served a draft of the fee motion on September 18, 2019 and asked the Insurers to respond with their position. The Insurers did not respond until October 11, 2019.... The undersigned sent the Insurers' counsel a slightly revised version of the motion the morning of October 14, 2019, explaining the rates, time expended and costs were same but that the argument was revised slightly. The Insurers' counsel responded on October 15, 2019 indicating that the insurers' position was unchanged.

Reply (ECF No. 43) at 4 (footnotes omitted).

The Court need not resolve the question of whether the Plaintiff's counsel strictly complied with the Local Rules, since counsel clearly acted within the spirit of those Rules by submitting draft motions and communicating with opposing counsel regarding the Defendants' position on the claimed fees and costs. It is worth noting that other than their objection to Mr. Marino's hourly rate, the arguments raised by the Defendants focus on the legal question of whether the Plaintiff is entitled to recover fees and costs. Under these circumstances, the Plaintiff's claimed costs should not be denied for failure to comply with the Local Rules.

The Defendants also argue that the Plaintiff was not the prevailing party for purposes of a cost award. As counsel for the Plaintiff pointed out at the hearing on the instant Motions, the Defendants can point to no ruling in their favor. The Plaintiff brought an action for declaratory judgment, which it received, and requested that the Court appoint a neutral third arbitrator, which

13

it did. Since the Plaintiff obtained the relief it sought, it is the prevailing party in this case, and entitled to an award of costs.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that

1. The Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 40) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $39,108.50 and costs in the amount of $1,372.29,

2. The Plaintiff's Motion to Tax Costs (ECF No. 34) be DENIED as MOOT, and

3. The Final Judgment (ECF No. 33) be amended to include the award of fees and costs.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 7th day of February, 2020.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: counsel of record

14